NOT FOR PUBLICATION                                                                                          (Doc. No. 12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JAMES E. TICE, | : |
| Plaintiff, | : Civil No. 13-6894 (RBK/JS) |
| v. | : **OPINION** |
| WINSLOW TOWNSHIP POLICE and PATROLMAN MICHAEL GIBSON, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Winslow Township ("Defendant") for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons expressed herein, Defendant's motion will be **GRANTED**.

**I.      BACKGROUND**

This suit arises out of an interaction between James E. Tice ("Plaintiff") and Patrolman Michael Gibbons ("Officer Gibbons") on May 7, 2013.[1] Plaintiff alleges that at approximately 7:00 p.m., he was standing at an intersection near his uncle's house and placing a call on his cell phone. Compl. 1. He alleges that while walking back to his uncle's house, Officer Gibbons stopped his patrol vehicle and asked Plaintiff who he was. Id. The officer then left his vehicle and detained Plaintiff, searching him and taking his cell phone. Plaintiff alleges that when he asked why he was being detained and searched, he was told he was being arrested for disorderly conduct and was placed inside a patrol car. Id. After approximately one hour, Plaintiff was

---
[1] Officer Gibbons is evidently incorrectly pleaded in the Complaint as "Patrolman Michael Gibson."

Case 1:13-cv-06894-RBK-JS   Document 21   Filed 07/11/14   Page 2 of 6 PageID: 129

released without being charged.  Id.  Plaintiff asserts that he subsequently filed a complaint with the internal affairs unit of the Winslow Township Police Department, and alleges that Officer Gibbons was disciplined as a result of the investigation.  Id.

Plaintiff subsequently filed this lawsuit, alleging that Officer Gibbons violated his constitutional rights by detaining and searching him without probable cause.  Plaintiff named as defendants Officer Gibbons and "Winslow Township Police."  Winslow Township filed an answer, and has now moved for judgment on the pleadings on all claims asserted against it or its police department.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c) a party may move for judgment on the pleadings.  The movant under Rule 12(c) must clearly show that no material issue of fact exists and that it is entitled to judgment as a matter of law.  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  In reviewing a Rule 12(c) motion, the court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the nonmovant.  Id.  "A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'"  Bangura v. City of Philadelphia, No. 08-2742, 2009 WL 2252877, at *3 (3d Cir. July 29, 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In turn, Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 570.

### III. DISCUSSION

The Court construes Plaintiff's allegations of infringements upon his constitutional rights as claims brought under 42 U.S.C. § 1983 against both Officer Gibbons and his employer, the Winslow Township Police Department.  A municipality is not vicariously liable for the actions of its law enforcement officers.  Monell v Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  In order to make out a § 1983 claim against a municipality, it must be shown to be responsible for its own unlawful acts.  Id. at 692.  To do so, a plaintiff must show either that (1) the alleged action "implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers," or that (2) constitutional deprivations took place "pursuant to governmental 'custom' even though such a custom has not received formal approval" from official municipal decision-makers.  Id. at 690-91.  The former theory is often referred to as a "policy," while the latter is referred to as a "custom."  Liability based upon a custom is rooted in the theory that the "relevant practice is so widespread as to have the force of law."  Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997) (citing Monell, 436 U.S. at 690-91).

Defendant argues that because Plaintiff has identified no such policy or custom that would warrant holding the municipality liable for the acts of Officer Gibbons, all claims against Winslow Township must be dismissed.  There is clearly nothing in the Complaint that alleges

anything resembling a policy or custom on the part of Winslow Township that led to the harm Plaintiff alleges. In his brief in opposition to the instant motion, however, Plaintiff asserts that Winslow Township's police officers maintain a practice of "racism and discrimination on unsuspecting blacks, traveling through and living with[in]" Winslow Township. Pl.'s Opp'n at 9.[2] Plaintiff also cites an alleged study submitted by Winslow Township that indicates that black drivers are disproportionately stopped by the police there. Id. He also claims that the township knows that its officers act unconstitutionally, but condones their actions. Id.

The Court does not now decide whether the allegations contained in Plaintiff's opposition brief would be sufficient to state a claim for municipal liability under Monell, if contained in a pleading. A plaintiff, even one proceeding pro se, cannot amend his pleading through a brief in opposition to dismissal. See Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (indicating that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Although courts should properly construe allegations in a pro se complaint liberally, "a litigant is not absolved from complying with Twombly and the federal pleading requirements merely because s/he proceeds pro se." Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). The Complaint contains none of the allegations of a culture of discrimination that Plaintiff alleges in his opposition brief. Nor does it refer to racism, either directly or indirectly, or even allege Plaintiff's race. Because the Complaint alleges nothing resembling a policy or custom that would give rise to municipal liability, the Court is constrained to dismiss Plaintiff's claims against the municipality of Winslow Township, to the extent that he asserts such a claim.[3]

---

[2] Because Plaintiff did not include page numbers on his brief, any references to page numbers in this Opinion will be to the page number of the document as it appears in electronic form on the docket (ECF Doc. No. 14).
[3] As described later in this Opinion, Plaintiff has not properly pled a claim against Winslow Township because he named only its police department as a defendant.

4

Notwithstanding, "a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility." Carter v. Fairbanks, Civ. No. 09-4032, 2009 WL 2843882, at *2 (D.N.J. Sept. 2, 2009) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002)).  While Defendant's motion is one for judgment on the pleadings and not a motion to dismiss, a Rule 12(c) motion is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.  See Turbe v. Gov't of Virgin Is., 938 F.2d 427, 428 (3d Cir. 1991).  Here, Defendant's entire argument is that Plaintiff has failed to state a claim.  Thus, the motion should be treated like a motion to dismiss.  Defendant has not directed the Court's attention to any bad faith, undue delay, prejudice or futility that will result by granting leave to amend, and neither can the Court find any.  Therefore, Defendant's motion will be granted as to the municipal liability claims without prejudice, and Plaintiff will be given an opportunity to amend his Complaint.

Defendant's next argument is that the Winslow Township Police Department is not an entity that may be sued in federal court for civil rights violations and subjected to § 1983 liability.  Because Plaintiff only named the Winslow Township Police Department as a defendant, and not the municipality itself, Defendant seeks dismissal of all claims against the police department with prejudice.

Defendant is correct that the Winslow Township Police Department is not a proper party in this action.  Because a police department is "merely an arm" of a municipality, "it is not the proper entity to sue under § 1983." Hernandez v. City of Union City, 264 F. App'x 221, 223 n.1 (3d Cir. 2008); see also Jones v. Vineland Police Dep't, Civ. No. 10-3220, 2011 WL 773024, at *3 (D.N.J. Feb. 28, 2011).

Plaintiff does not argue that a police department is a proper defendant under § 1983, but rather argues that because he is a pro se litigant, his pleading should not be held to as high a standard as one prepared by an attorney. However, Plaintiff's pro se status is no justification for the Court to impose § 1983 liability against an entity which clearly cannot be held liable under § 1983. Further, even if the § 1983 claim were construed as a claim against the municipality itself, the Complaint contains no allegations that Plaintiff was detained pursuant to an official policy or custom, as explained above.[4] Therefore, Winslow Township Police Department must be dismissed as a defendant. However, if Plaintiff attempts to amend his complaint to state a claim against the municipality, as described above, he may also amend his pleading to name the correct entity as a defendant.[5]

IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's motion for partial judgment on the pleadings will be **GRANTED**, without prejudice to Plaintiff filing an Amended Complaint within the time period specified in the Order accompanying this Opinion.

Dated:  7/11/2014                                       s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

---

[4] There is some authority for construing a claim against a police department as one brought against a municipality itself. See Lee v. NNAMHS, Civ. No. 06-433, 2007 WL 2462616, at *2 (D. Nev. Aug. 28, 2007); Renz v. Willard Police Dep't, Civ. No. 10-202, 2010 WL 3789563 (N.D. Ohio Sept. 24, 2010); Jones v. Hall, Civ. No. 12-436, 2012 WL 2003574, at *2 (M.D. Tenn. June 5, 2012). The Third Circuit has even suggested that this might be appropriate. Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007). However, because Plaintiff will have to amend his Complaint to properly allege a policy or custom if he is to maintain a claim against the municipality, construing the claim as one against Winslow Township itself would not carry the day for Plaintiff at this juncture.

[5] The Court points out, so that it is clear to all parties, that none of the claims asserted against Officer Gibbons will be dismissed pursuant to this Opinion and the accompanying Order.